IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| TONY KARLO AGHAHOWA, | : | CIVIL ACTION | : |
| | : | | |
| v. | : | | |
| | : | | |
| ATTORNEY GENERAL OF THE | : | | |
| UNITED STATES, | : | NO. 07-3693 | |
| | : | | |

**MEMORANDUM**

**Baylson, J.**                                                                                                                         **January 17, 2008**

**I.      Introduction**

Before this Court is the pro se habeas corpus petition Tony Karlo Aghahowa, ("Petitioner" or "Mr. Aghahowa") filed pursuant to 28 U.S.C. § 2241.  Petitioner is an alien who is currently in custody awaiting deportation.  The Department of Homeland Security ("DHS") and the Immigration and Customs Enforcement ("ICE") charge that Mr. Aghahowa is deportable pursuant to 8 U.S.C. § 1227(a)(1)(d)(1) and 8 U.S.C. § 1227(a)(2)(A)(2).  An Immigration Judge denied Mr. Aghahowa's application for asylum and his finding was upheld by the Board of Immigration Appeals ("BIA").  Mr. Aghahowa filed a petition for writ of habeas corpus to the Third Circuit Court of Appeals No. 07-2647.  The portion of this petition challenging Petitioner's continued detention was transferred to this Court.  All remaining issues raised in the petition are still before the Third Circuit.[1]

---

[1] Petitioner claims in his Complaint that the officers who attempted to put him on the plane when he was scheduled to be deported on June 5, 2007 used excessive force against him and "dealt harshly with him." He further claims that he is being unlawfully held in solitary confinement with no access to the law library during his detention. (Pet'r's Complaint at 3).

1

This Court finds no merit in Mr. Aghahowa's petition regarding his continued detention and orders the Petition dismissed.

## II.    Background

Petitioner, a citizen of Nigeria, entered the United States on or about May 10, 1991.  (See Gov.'s Resp. in Opp'n to Pet. for Habeas Corpus, Ex. 1).  Petitioner became a conditional permanent resident on December 31, 1998, based on his marriage to a U.S. citizen.  (See id. at Ex. 2).  In the two years following the date of his marriage, Petitioner failed to remove his conditional residency status and therefore this status was terminated.  (See id. Ex. 1, 2).  On December 5, 2005, Petitioner was convicted of three counts of theft for separate offenses in the Philadelphia Court of Common Pleas.  (See id. at Ex. 3).  Petitioner was sentenced to twelve months probation for each offense, to be served concurrently.  Petitioner was arrested on a probation violation on March 18, 2006.  His case was then referred to federal immigration officials.

The Department of Homeland Security, Immigration and Customs Enforcement ("ICE") filed a Notice to Appear charging Petitioner with removability pursuant to § 237(a)(1)(D)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(1)(D)(i), as an alien whose conditional status as a permanent resident had been terminated.  Mr. Aghahowa was also charged with removability as an alien convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct, pursuant to § 237(a)(2)(A)(ii) of the INA, 8 U.S.C. §

---

Petitioner also states that the United States Government has violated his First, Fifth, Sixth, and Fourteenth Amendment Rights.  (Pet'r Reply to Gov't's Resp. In Opposition to Pet'r's Habeas Corpus Petition.)  As the Third Circuit has directed this Court to only deal with issues regarding Petitioner's continued detention, the Court will not address Petitioner's claims of excessive force or his claims regarding his treatment at the prison.

1227(a)(2)(A)(ii). Petitioner was ordered to appear before an Immigration Court to show why he should not be deported. (See id. at Ex. 1).

On January 4, 2007, Immigration Judge Arthur Andrew, after a hearing, denied Petitioner's applications for asylum, withholding of removal, and protection under the Convention Against Torture. The Immigration Court ordered Petitioner be removed from the United States and returned to Nigeria. (See id. Ex. 4). On April 27, 2007, the Board of Immigration Appeals ("BIA") dismissed Mr. Aghahowa's appeal. (See id. Ex. 5). Mr. Aghahowa filed a Petition for Review with the Third Circuit Court of Appeals on May 29, 2007. He was not granted a stay of removal from the Court of Appeals at that time and, therefore, his removal order was final as of the date of the BIA's decision on April 27, 2007. The government then began the process of deportation, obtaining travel documentation for Petitioner from the Nigerian Consulate. Mr. Aghahowa was scheduled to depart the United States for Nigeria on June 5, 2007. However, Petitioner forcibly resisted being placed on the plane on that date and his removal date had to be rescheduled. (See id. Ex. 7, Decl. of Detention and Deportation Officer, Mark Szalczyk).

The Third Circuit granted Petitioner's motion to stay removal on July 17, 2007. (See id. at 6.) The Court ordered that the portion of Mr. Aghahowa's petition challenging his continued detention to be transferred to the Middle District of Pennsylvania, where Mr. Aghahowa was being detained. When Petitioner was moved to Berks County Prison–a facility within the Eastern District of Pennsylvania–United States District Court Judge Connor for the Middle District of Pennsylvania transferred the case to this district. The merits of Mr. Aghahowa's petition for review of the denial of his application for asylum are still pending before the Third Circuit.

On August 22, 2007, the ICE Philadelphia Field Officer performed a custody review of Mr. Aghahowa. On September 6, 2007, the field office concluded that Petitioner should remain in ICE custody pending the outcome of the Third Circuit's review. (See id. Ex. 9)

Petitioner asks the Court to intervene because he fears for his life if he is deported to Nigeria. (Pet. for Habeas Corpus at 3). He states that he is being held illegally because he is a legal permanent resident of the United States. (Id).

In Petitioner's Reply to Government's Response to the Petition for Habeas Corpus, Petitioner asserts that he never admitted to the thefts for which he was found guilty and that the charges against him were eventually dismissed. In reviewing Petitioner's criminal record, submitted by the government as Exhibit 3, the Court notes that Petitioner has been found guilty on three counts of theft and unlawful taking in June of 2005.

### III.   Legal Standards

Except as otherwise limited by statute, federal district courts have jurisdiction under 28 U.S.C. § 2241 to review "questions of constitutional and statutory law" raised in habeas petitions filed by aliens subject to removal. Bakhtriger v. Elwood, 360 F.3d 414, 424 (3d Cir. 2004).

### IV.   Discussion

At issue before this Court is whether the government is permitted to detain Mr. Aghahowa until a final judgment has been made regarding the denial of his application for asylum, now pending before the Third Circuit. Under the INA, when an alien's removal has been ordered, the government shall remove the alien within 90 days. 8 U.S.C. § 1231(a)(1)(A). This 90 day window, referred to as the "removal period" begins at the latest of the following: (1) the

date on which the order of removal becomes administratively final, (2) if the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order, or (3) if the alien is detained or confined (except under an immigration process), the date on which the alien is released from detention.  8 U.S.C. § 1231(a)(1)(B).  The occurrence of any of these three events starts the removal period anew.

Once the 90 day removal period has expired, the Attorney General has discretion to continue to detain removable aliens pursuant to 8 U.S.C. 1231(a)(6).  However, the Supreme Court has ruled that subsequent to the 90 day removal period discussed in the statute, an alien cannot be held indefinitely.  Zadvydas v. Davis, 533 U.S. 678 (2001).  Once it has been determined that an alien will be deported, the Court set six months as a presumptively appropriate length of time for detention of an illegal immigrant, prior to deportation.  After an alien had been held in custody for six months with no plan for removal, the government's detention of that individual becomes presumptively unreasonable.  Id. at 701. This six month presumption does not mean that every illegal alien must be released from custody after six months, but that when the alien has been in custody for six months following the starting date of his removal period, and provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with sufficient evidence regarding a plan of removal to rebut the showing of unreasonable detention, or release the alien from custody.  Id.

Zadvydas, like Petitioner, was under a final order of removal because of his conviction for criminal activity.  However, Zadvydas was stateless and had been held in custody beyond his 90 day removal period because no foreign government would agree to take him. The United

States government could provide no evidence that Zadvydas could ever be removed and, therefore, intended to hold him indefinitely. The Court set six months as a presumptively appropriate length of time for detention of an illegal immigrant, prior to deportation. Id. at 701.

Petitioner's removal period began on April 27, 2007, when the BIA's decision to remove him became final. (Gov.'s Resp. in Opp'n to Pet. for Habeas Corpus, Ex. 5). As of this date, the government had 90 days under the statute to return Petitioner to Nigeria and six months before his detention would be considered unreasonable under Zadvydas. The government planned to put Mr. Aghahowa on a flight on June 5, 2007, within 90 days of the beginning of his removal date, but was unable to do so because Petitioner physically resisted being placed on the plane. (See id., Ex. 7, Decl. of Detention and Deportation Officer, Mark Szalczyk). The only reason Petitioner has been in detention for more than 90 days is that he refused to board the plane back to Nigeria as scheduled.

Petitioner's removal period has not yet expired because when the Third Circuit granted Petitioner's stay of removal on July 17, 2007. The effect of this was to toll the time period in which the government must deport Petitioner. Hamlet v. I.N.S., 2002 WL 1958799, at *2 (E.D.Pa. August 26, 2002) (90 day removal period considered tolled when stay of deportation issued). See also, Singh v. Gonzales, 2005 WL 2783248, at *4 (E.D.Pa. Oct. 24, 2005) and McKenzie v. I.N.S., 2005 WL 452371, at *4 (E.D.Pa. Feb. 23, 2005).

As Petitioner was not held in custody for six months before a stay on deportation was ordered, any claim Petitioner might raise under Zadvydas is premature. Zadvydas does not create a per se rule that an alien's release is mandated within six months, but rather turns on whether the alien can be deported in the "reasonably foreseeable future." Zadvydas, 533 U.S. at 701. The

government has obtained travel documentation for Mr. Aghahowa and stated its intention to remove him as soon as all judicial stays have been lifted.  The Nigerian government routinely reaccepts its nationals and therefore there is no reason to believe that Mr. Aghahowa will not be allowed to return to Nigeria if and when the Third Circuit ends the stay of removal that is now preventing his deportation.

### IV.     Conclusion

For the foregoing reasons, the Court dismisses Mr. Aghahowa's petition for habeas corpus.  An appropriate order to follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TONY KARLO AGHAHOWA, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ATTORNEY GENERAL OF THE | : | |
| UNITED STATES, | : | NO. 07-3693 |
| | : | |

**ORDER**

_____And now, this _____ day of January, 2007, Petitioner's habeas corpus claim, pursuant to 28 U.S.C. § 2241, pertaining to whether or not Petitioner is lawfully detained, is hereby DENIED.

BY THE COURT:

/s/ Michael Baylson
_____
Michael M. Baylson, U.S.D.J

A:\07-3693- Memorandum Opinion.wpd